UNITED STATES

v.

**Private (E–2) James A. DOUGLAS, 577–74–7255, US Army, 16th Field Service Company, 240th Quartermaster Battalion, Fort Lee, Virginia 23801.**

**CM 433368.**

U. S. Army Court of Military Review.

Sentence Adjudged 27 Feb. 1975.

Decided 17 Dec. 1975.

Appearances: Appellate counsel for the Accused: CPT Steven J. McAuliffe, JACG; CPT Sammy S. Knight, JAGC; LTC James Kucera, JAGC. Appellate counsel for the United States: CPT John F. DePue, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

OPINION OF THE COURT

COSTELLO, Judge:

Appellant was convicted by a general court-martial, contrary to his pleas, of aggravated assault, attempted robbery, robbery and possession of marihuana with intent to distribute in violation of Article 128, 80, 122 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 928, 880, 922 and 934, respectively. The finding of aggravated assault was from an initial charge of assault with intent to commit murder in violation of Article 134, UCMJ, 10 U.S.C. § 934. The sentence of the court was approved by the convening authority and is set out above.

The only assigned error which warrants discussion is the contention that the initial charges of attempted robbery and assault with intent to commit murder were multiplicious for sentencing purposes. Timely objection was made at trial; defense counsel relied on the "single intent" rule stated in paragraph 76a(5) of the Manual for Courts-Martial, United States, 1969 (Revised edition) (MCM 1969 (Rev.)). Appellate counsel repeat the assertion, citing United States v. Weaver, 20 U.S.C.M.A. 58, 42 C.M.R. 250 (1970), for the proposition that the two offenses charged "were so linked in time and substance that it is proper to infer a singular intent."

■ We find the reliance on that rule and proposition misplaced. The question here is what charges properly went to the jury when it convened to consider an appropriate sentence. United States v. Posnick, 8 U.S.C.M.A. 201, 24 C.M.R. 11 (1957).* It is clear that an assault with a dangerous weapon and an assault in which grievous bodily harm was intentionally inflicted are lesser included offenses within a charge of robbery where the assault charged was the only force required for the robbery. In such cases the assault is said to merge into the robbery charge and is considered multiplicious for sentencing purposes. United States v. Walker, 8 U.S.C.M.A. 640, 25 C.M.R. 144 (1958); United States v. McVey, 4 U.S.C.M.A. 167, 15 C.M.R. 167 (1954). However, the relationship of greater to lesser is neither automatic nor invariable; it depends upon the facts alleged and established. Paragraph 158, MCM 1969 (Rev.); United States v. Malone, 4 U.S.C.M.A. 471, 16 C.M.R. 45 (1954). Where the intent to inflict grievous bodily harm was shown to have been formulated after a robbery was perfected, subsequent beating of the victim is separately punishable. See United States v. Polito, 23 C.M.R. 644 (A.C.M.R. 1957), pet. den'd., 24 C.M.R. 311 (1957). The force involved in a robbery was found to support separate charges of both robbery and maiming and punishment for both in United States v. Goins, 18 U.S.C.M.A. 395, 40 C.M.R. 107 (1969). Distinguishing McVey and Walker, Judge Darden said:

"The disfigurement, diminution of vigor, or destruction or disablement of a member or organ of one's body that are essential elements of maiming reflect a kind of injury that sets this offense apart." Id., at 40 C.M.R. 110.

■ We do not assert that any maiming occurred in this case, but we do say that on these facts an offense separate from the assault included in the attempted robbery was properly found and used by the jury in reaching its sentence. The jury was instructed fully both as to the intent required to be found in support of the charge of assault with intent to commit murder and that required for possibly lesser included assaults. They were also instructed that the offense of attempted robbery was complete when ". . . the accused did a certain overt act, that is, the evidence shows the pointing of a pistol at Robert W.

---

* There is no issue of overbearing from an initial, unreasonable multiplication of charges.

Knox and demanding his wallet and money." With these instructions, the jury returned findings of guilty of attempted robbery under a general allegation "by means of force and violence," and not guilty of assault with intent to commit murder, but guilty of assault ". . . and did thereby intentionally inflict grievous bodily injury."

█ Neither mechanical separation of the components of a compound offense nor improper instructions can make two offenses out of one. However, the charges and instructions here were responsive to the facts. Clearly, the jury identified separate states of mind, i. e., the general intent necessary for robbery and that specific intent required to establish the purposive infliction of grievous bodily harm. This alone may not solve the multiplicity problem, because a specific intent offense may be lesser included in one requiring only a general intent. *United States v. King*, 10 U.S.C. M.A. 465, 28 C.M.R. 31 (1959). However, the proper instructions of the military judge created a possible sequence of events which was found by the jury to have occurred. Thus, they found and we agree that the attempted robbery was perfected before the independent intent to injure was formulated. We, then, are dealing with juristically separate acts and separate punishment is warranted as in *Polito* and *Goins*.

Accordingly, the findings of guilty and the sentence are affirmed.

Judges DONAHUE and BAILEY concur.