# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, HERRING, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private (E-2) JEFFERY D. JOHNSON**
**United States Army, Appellant**

ARMY 20140480

Headquarters, 7th Infantry Division
David L. Conn and Jeffery Lippert, Military Judges
Lieutenant Colonel Michael S. Devine, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Charles D. Lozano, JA; Major Amy E. Nieman, JA; Captain Payum Doroodian, JA (on brief).

For Appellee:  Colonel Mark. H. Sydenham, JA; Major A.G. Courie, III, JA; Major John K. Choike, JA; Captain Robyn M. Chatwood, JA (on brief).


16 December 2015

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of robbery, one specification of assault consummated by a battery, one specification of assault with an unloaded firearm, one specification of burglary, and one specification of obstruction of justice, in violation of Articles 122, 128, 129, and 134 Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 922, 928, 929, 934 (2012).  The military judge sentenced appellant to a bad-conduct discharge, seven years confinement, total forfeiture of pay and allowances, and reduction to the grade of E-1.  In accordance with the pretrial agreement, the convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for five years, total forfeiture of all pay and allowances, and reduction to the grade of E-1.

Appellant's case is before the court for review pursuant to Article 66, UCMJ. Appellant raises two assignments of error, one of which merits discussion and

relief. The matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), are without merit.

## Multiplicity and Lesser-Included Offenses:
### Robbery and Assault

Appellant pleaded guilty to robbery of NW by means of force and violence and putting him in fear with a firearm (The Specification of Charge I). Appellant also pleaded guilty to assault consummated by a battery by striking NW on the face and head with his hand and foot (Specification 1 of Charge II), and assault with an unloaded firearm by pointing it at NW (Specification 2 of Charge II). Appellant now argues the military judge should have dismissed the assault specifications for multiplicity as they are lesser-included offenses of the robbery as charged.

At trial, the military judge's solution was to "merge for sentencing" the assault specifications with the robbery specification, because they are "part and parcel" with the robbery by force and violence and with a firearm. The military judge made his decision *sua sponte* at the close of the presentencing case on the basis of unreasonable multiplication of charges. He did not address multiplicity. "Offenses are multiplicious if one is a lesser-included offense of the other." *United States v. Elespuru*, 74 M.J. 326, 328 (C.A.A.F. 2014), quoting *United States v. Leak*, 61 M.J. 234, 248 (C.A.A.F. 2005). "As a matter of logic and law, if an offense is multiplicious for sentencing it must necessarily be multiplicious for findings as well." *United States v. Campbell*, 71 M.J. 19, 23 (C.A.A.F. 2012).

Appellant's pretrial agreement contained a provision that waived specific motions, including "defenses or objections in the charges and specifications." "A waiver is an intentional relinquishment or abandonment of a known right or privilege." *Elespuru*, 74 M.J. at 328, quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938). "There is a presumption against the waiver of constitutional rights." *Elespuru*, 74 M.J. at 328, quoting *Brookhart v. Janis*, 384 U.S. 1, 4 (1966). An "unauthorized conviction has 'potential adverse consequences that may not be ignored,' and constitutes unauthorized punishment in and of itself." *United States v. Savage*, 50 M.J. 244, 245 (C.A.A.F. 1999), quoting *Ball v. United States*, 470 U.S. 856, 865 (1985).

Without addressing whether appellant should have moved to dismiss for multiplicity after the military judge "merged for sentencing," we analyze the issue of multiplicity for plain error. *United States v. Barner*, 56 M.J. 131 (C.A.A.F. 2002). An appellant may demonstrate plain error by proving the offenses are "facially duplicative." *United States v. St. John*, 72 M.J. 685, 687 n.1 (Army. Ct. Crim. App. 2013).

"Facially duplicative" means the factual components of the charged offenses are the same. *Id.* at 687 (citing *Lloyd*, 46 M.J. at 23). "Two offenses are not facially duplicative if each 'requires proof of a fact which the other does not.'" *United States v. Pauling*, 60 M.J. 91, 94 (C.A.A.F. 2004) (quoting *United States v. Hudson*, 59 M.J. 357, 359 (C.A.A.F. 2004)). This analysis does not solely involve a "'literal application of the elements test,'" but rather requires a "realistic comparison of the two offenses to determine whether one is rationally derivative of the other." *Pauling,* 60 M.J. at 94, (quoting *Hudson*, 59 M.J. at 359). It "turns on both the factual conduct alleged in each specification and the providence inquiry conducted by the military judge at trial." *Pauling,* 60 M.J. at 94 (quoting *Hudson*, 59 M.J. at 359) (internal quotation marks omitted). Consequently, where after examination of these factors, an offense is a lesser-included offense of another, the offenses are facially duplicative. *See St. John*, 72 M.J. at 688-89; *see also United States v. Palagar*, 56 M.J. 294, 296 (C.A.A.F. 2002). "Whether an offense is a lesser-included offense is a matter of law" we review *de novo*. *St. John*, 72 M.J. at 687.

We find these offenses as charged in this case are facially duplicative because the conduct alleged in the assault specifications is the means by which appellant committed the robbery. The providence inquiry established that appellant struck NW in the face and head with his hands and foot on 28 January 2013, and appellant or his accomplice pointed the unloaded firearm at NW. Such unlawful persuasiveness caused NW to relinquish his property; and the military judge convicted appellant of robbery by means of force and violence *and* placing NW in fear with a firearm. Under the facts of this case, the assault consummated by a battery and the assault with an unloaded firearm were lesser-included offenses of the robbery as charged. "If the evidence shows that the force and violence is the means for perpetrating the robbery is also the means by which grievous bodily harm is inflicted, liability for the lesser-included offense will not lie." *United States v. Szentmiklosi*, 55 M.J. 487, 491 (CA.A.F. 2001) citing *United States v. Walker*, 25 C.M.R. 144, 147 (C.M.A. 1958).

**CONCLUSION**

The findings of guilty of Specifications 1 and 2 of Charge II and Charge II are set aside. Specification 1 and 2 of Charge II and Charge II are dismissed. The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the errors noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986) and *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), we are confident the military judge would have adjudged the same sentence absent the errors noted as he limited appellant's punitive expose by considering the three offenses as one for sentencing purposes. The approved sentence is

JOHNSON—ARMY 20140480

AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4