UNITED STATES, Appellee

v

FRED THOMPSON, Private, U. S. Army, Appellant

13 USCMA 395, 32 CMR 395

No. 15,972

December 21, 1962

*First Lieutenant Robert L. Brosio* argued the cause for Appellant, Accused. With him on the brief was *Captain Richard A. Baenen.*

*Captain Carl F. Wrench* argued the cause for Appellee, United States. With him on the brief was *Major Francis M. Cooper.*

## Opinion of the Court

FERGUSON, Judge:

Pursuant to his plea, accused was found guilty of assault with a dangerous weapon, in violation of Uniform Code of Military Justice, Article 128, 10 USC § 928; wrongful appropriation of an automobile, in violation of Code, supra, Article 121, 10 USC § 921; and failure to obey a lawful order, in violation of Code, supra, Article 92, 10 USC § 892. He was sentenced to bad-conduct discharge, forfeiture of all pay and allowances, and confinement at hard labor for one year. Intermediate appellate authorities affirmed, and we granted accused's petition for review on the issue whether his plea of guilty to the aggravated assault charge was negatived by the stipulation of facts introduced at the trial.

As indicated above, accused entered a plea of guilty to a specification and charge alleging that he assaulted one Sergeant Strmski with a knife. He also pleaded guilty to wrongful appropriation of Strmski's automobile and to violation of an order issued by his unit commander, prohibiting possession of the knife involved.

Upon hearing accused's entry of his pleas, the law officer conducted an extensive out-of-court inquiry into the providence of these judicial confessions of guilt. He establishd that the pleas were made pursuant to a pretrial agreement. In response to the law officer's questioning, accused also stated that he was, in fact, guilty of the charges, admitting that he violated the order by being "in possession of a knife with a blade in excess of two and a half inches in length"; that he "did wrongfully appropriate a motor vehicle"; and finally, that he "did threaten Sergeant Strmski with a pocket knife."

After establishing the providence of accused's pleas, the law officer accepted them. The accused persisted in them after further explanation of their meaning and effect.

The accused and counsel for both sides entered into the following stipulation concerning the questioned assault:

"On or about 0900 hours, 28 November 1961, Sergeant Strmski entered a room where the accused was sitting on a bunk. While Sergeant Strmski was giving instructions to a Private Shiver in the room the accused interrupted Sergeant Strmski by saying, 'You don't like me, do you Sarge'. Sergeant Strmski then said, 'I don't like thieves'. The accused then replied, 'Come outside with me and say that'. Sergeant Strmski, who was standing several yards away began to walk toward the accused without saying anything. The accused got up from his bunk and pulled a knife out of his left trouser pocket and brought the knife to the left side of his leg, and then quickly moved it behind his back. Sergeant Strmski told the accused to drop the knife, but the accused did not answer. Sergeant Strmski, who was then in fear of serious bodily harm to himself, turned and went out of the platoon bay for help. The accused then hid the knife on top of a venetian blind in the room where it was later found and turned over to the company commander with the accused.

"The accused's possession of that pocket-knife on 28 November 1961, with a blade over three inches long, was in violation of a lawful order issued by Captain John S. McCord, his commanding Officer."

The appellate defense attack upon accused's plea of guilty is two-pronged. It is contended that the stipulation establishes that accused's "taking a closed knife from his pocket and holding it behind his back" was no more than the use of proper self-defensive force and that, in any event, his actions did not constitute an offer of violence

within the meaning of Code, supra, Article 128. In response, the Government argues the stipulated facts—far from negativing an assault with a dangerous weapon—established accused's guilt of that offense.

It is not necessary that stipulated evidence establish an accused's guilt in order that his plea of ▮▮▮▮▮ ▮ guilty be upheld. In this connection, Code, supra, Article 45, 10 USC § 845, provides:

"(a) If an accused arraigned before a court-martial makes an irregular pleading, *or after a plea of guilty sets up matter inconsistent with the plea,* or if it appears that he has entered the plea of guilty improvidently or through lack of understanding of its meaning and effect, . . . a plea of not guilty shall be entered in the record, and the court shall proceed as though he had pleaded not guilty." [Emphasis supplied.]

Cf. United States v Stanaway, 12 USCMA 552, 31 CMR 138; United States v Epperson, 10 USCMA 582, 28 CMR 148.

We approach the problem before us, therefore, on the basis that stipulated evidence must *negative* accused's guilt of assault with a dangerous weapon in order to set aside his plea. Indeed, our grant of review was so phrased.

The offense of assault with a dangerous weapon, in violation of Code, supra, Article 128, requires proof ▮▮▮▮▮ ▮ that the actor attempted or offered "with unlawful force or violence to do bodily harm to another person, whether or not the attempt or offer is consummated," and that he did so with "a dangerous weapon or other means or force likely to produce death or grievous bodily harm." Code, supra, Article 128; United States v Simmons, 1 USCMA 691, 5 CMR 119; Manual for Courts-Martial, United States, 1951, paragraph 207.

And, as the Manual, supra, notes, at page 369:

". . . An offer to do bodily harm to another, as distinguished from an attempt to do such harm, is a putting

of the other in reasonable fear that force will at once be applied to his person."

The parties here are agreed that no actual attempt was made to use the knife and that the alleged assault falls within the separate classification of an offer to do bodily harm. Appellate defense counsel simply conclude that accused's conduct does not constitute such an offer. We disagree.

The stipulation establishes that accused commenced a belligerent conversation with his superior noncommissioned officer and issued a vernacular invitation to him to engage in combat. When the sergeant walked toward him —and it must be remembered that this occurred within a single room—the accused withdrew a knife from his pocket, held it at first by his leg and then up behind his back. And, contrary to the assertion of counsel, the stipulation does not indicate the knife was closed. It is simply silent on the subject. Moreover, the accused persisted in retaining his weapon despite an order from Strmski to drop it. Finally, the stipulation specifically established that accused, by his actions, placed Strmski "in fear of serious bodily harm to himself."

Rather than tending to negative the existence of an offer to do bodily harm to Strmski, we believe that ▮▮▮▮▮ ▮ the stipulation in fact establishes it. Manual, supra, paragraph 207; United States v Berry, 6 USCMA 638, 20 CMR 354. In this connection, it should be noted that we are not faced with any problem involving accused's apparent ability to injure the sergeant, for the record does not reflect the distance between the parties at the time of the offer and accused's refusal to dispose of his weapon. Cf. United States v Smith, 4 USCMA 41, 15 CMR 41.

In like manner, we are convinced that the agreed statement provides no basis for appellate counsel's argument that accused was acting in self-defense. Strmski was his military superior and had the right to approach him, after having been invited "out-

**397**

side," for the purpose of legitimately dealing with his insubordination. And there is nothing in the stipulated facts to provide any basis for an inference that Strmski intended to assault accused or in any manner to harm him. Finally, we cannot overlook the fact that the origin of the dispute lay with Thompson. United States v Ginn, 1 USCMA 453, 4 CMR 45; United States v Berry, supra; United States v Black, 12 USCMA 571, 31 CMR 157.

Turning once again to the stipulation, we find that it describes accused's weapon as a "pocket-knife  . . . with a blade over three inches long." It is certain, therefore, that, as here used, the instrument constituted "a dangerous weapon or other means or force likely to produce death or grievous bodily harm." Code, supra, Article 128;

United States v Hamilton, 10 USCMA 130, 27 CMR 204.

In sum, then, we conclude that the stipulation of fact in this record does not negative accused's plea of guilty to the charge of aggravated assault upon Sergeant Strmski. Rather, in bare outline, it establishes every element of that offense. We call attention also to the law officer's commendable inquiry into accused's understanding of the charge and that he in fact admitted threatening Strmski with the knife. We find, therefore, that his plea of guilty was both consistent with the proof adduced and fully provident.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge KILDAY concur.