UNITED STATES, Appellee

v

ALLAN W. ROBY, Private First Class, U. S. Marine Corps,
Appellant

No. 28,523

January 24, 1975

*Lieutenant Michael C. Barr,* JAGC, USNR, argued the cause for Appellant, Accused. With him on the brief was *Lieutenant William Polkinghorn, Jr.,* JAGC, USNR.

*Lieutenant Commander Harvey E. Little,* JAGC, USN, argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel P. N. Kress,* USMC, *Lieutenant Colonel L. K. O'Drudy, Jr.,* USMC, and *Lieutenant Stephen M. Hackerman,* JAGC, USNR.

## OPINION OF THE COURT

Cook, Judge:

This accused stands convicted of two counts of absence without leave for substantial periods of time. The first commenced in January 1972, and ended on April 8, 1973. The second began on June 19, and continued until October 23, 1973, when accused was released to the military by civilian authorities who had been holding him on a charge of auto theft. The findings of both offenses are based on accused's plea of guilty. However, because of certain statements made by accused during the providence inquiry, as well as his sworn testimony during the mitigation and extenuation phase of his trial, arguments were ordered and heard on a single issue which asks, in effect:

WHETHER THE APPELLANT'S PLEA OF GUILTY TO THE ADDITIONAL CHARGE COVERING THE SECOND ABSENCE IS PROVIDENT?

Regarding the question, the accused readily admitted that he had not been given authority to be absent during the period from June 19 to October 23, 1973. As to the circumstances, however, and while on restriction after the first absence, which was the basis for the original charge, accused said that another Marine had placed about 2 pounds of marihuana in his locker and, upon

learning of this, he reported what the other Marine had done to his first sergeant. Immediately, he was given what he described as basket leave in order to keep him away from the squadron. He amplified this reason by stating that he was given basket leave "for I guess my own protection" and "until my court was to come up." Nevertheless, and before the scheduled end of the leave on June 19, the accused went to the base on June 15 to pick up his pay check. After doing so and while he was cashing it at the credit union, accused was confronted by three individuals who beat him up. Accused believed that the beating was a result of his reporting the placing of marihuana in his own locker, inasmuch as the three assailants remarked that "this would teach me to snitch on somebody." Furthermore, accused said they told him "if I was seen on this base again it would happen again . . . and it would be worse. . . ." As an indication that they were in earnest, accused noted that after his return to the base by civilian authorities and about a week prior to the time when he was then testifying, he was again throttled by the same three persons who had beaten him before. Moreover, this time the beating resulted in his being admitted to the infirmary, where x-rays were taken. Although there was no concussion, accused was kept in the infirmary overnight for observation. While conceding he made no effort to contact his unit and explain the situation after the first beating, accused did state that he went "UA when they beat you [him] up? . . . [b]ecause they told me if they seen [sic] me again on this base that they would do it again and worse."

Based on the statements of accused, as outlined above, it is our view that the military judge erred in accepting accused's plea of guilty to the additional charge and permitting it to stand. In Article 45(a), Uniform Code of Military Justice, 10 USC § 45(a), it is provided:

If an accused after arraignment makes an irregular pleading, or after a plea of guilty sets up matter inconsistent

with the plea, or if it appears that he has entered the plea of guilty improvidently or through lack of understanding of its meaning and effect, or if he fails or refuses to plead, a plea of not guilty shall be entered in the record, and the court shall proceed as though he had pleaded not guilty.

Moreover, if his statements reasonably raise a question of a defense, his guilty plea must be set aside. *United States v Timmins,* 21 USCMA 475, 479, 45 CMR 249, 253 (1972); cited and quoted in *United States v Logan,* 22 USCMA 349, 350, 47 CMR 1, 2 (1973). In military law, coercion or duress has been recognized as a defense[1] with its conditions and limits as a defense being appropriately set out in the Manual for Courts-Martial, United States, 1969 (Rev.), paragraph 216f. There it is stated:

Except when he kills an innocent person, a person cannot properly be convicted for committing an act for which he would otherwise be criminally responsible if his participation in it is caused by the degree of coercion or duress recognized in law as a defense. This degree of coercion or duress is a reasonably grounded fear on the part of the actor that he would be immediately killed or would immediately suffer serious bodily injury if he did not commit the act. The fear compelling the act must be of immediate death or serious bodily injury and not of an injury in the future or of an injury to reputation or property. The threat must continue throughout the perpetration of the act. If the accused has a reasonable opportunity to avoid committing the act without subjecting himself to the threatened danger, his act is not excusable.

Upon consideration of the accused's statements both before and after his plea was accepted, it is apparent that he set up matters that were inconsistent with his plea of guilty to the charge of illegal absence for the second period involved. Although he did agree that he had not been given authority to be absent for that time, his remarks explaining his

---

[1] United States v Pinkston, 18 USCMA 261, 39 CMR 261 (1969); United States v Fleming, 7 USCMA 543, 23 CMR 7 (1957).

reasons for the absence were contrary to a finding of criminality. He pointed out that he failed to return on June 19, the date the absence began, because of his expressed fear that serious bodily harm would be inflicted upon him if he did return. Not only did he claim that he had been soundly beaten once, but he also claimed he was advised the beating would be repeated if he was seen on the base again, with the added promise that the predicted beating would be more severe. As an additional factor illustrating that accused's fear was "reasonably grounded," was his unrebutted assertion that he had been thrashed only 1 week before the time he was testifying. Finally, and with regard to the question of immediacy of the threatened harm, because of the 4-day lapse between June 15, the date he claimed to have been first beaten, and June 19, when the absence began, it must be remembered that accused's duty to comply by being present for duty only arose on the latter date with the end of his "basket leave." Simultaneously with that beginning of his wrongdoing by failing to return was his stated belief that a second beating would occur upon the happenstance of his being "seen on this base" or, in effect, simply returning. Moreover, his remarks indicated he reasonably believed his continued well-being and safety from the threatened conduct were sustained by his similarly continued wrongful absence.

Concededly, the true facts and accused's statements may be inconsistent with each other or at least subject to a different interpretation. However, that is not the test for determining providence of a plea. Instead, as provided by Article 45(a), UCMJ, 10 USC § 45(a), consistency between what is charged and pled with what is presented at trial must exist and inconsistency will invalidate the plea.[2]

In light of what has been shown above, therefore, and because accused reasonably raised a question of a defense of duress, his plea of guilty to the additional charge is set aside as improvident. The record of trial is returned to the Judge Advocate General of the Navy for submission to the Court of Military Review. The court may, in its discretion, order a rehearing on the additional charge or reassess the sentence in light of the approved finding under the original charge.

Judge QUINN and Senior Judge FERGUSON concur.

---

[2] This language should not be interpreted nor is it intended to modify this Court's holding in United States v Thompson, 13 USCMA 395, 397, 32 CMR 395, 397 (1962), that "[i]t is not necessary that stipulated evidence establish an accused's guilt in order that a plea of guilty be upheld. . . ."