**UNITED STATES of America, Plaintiff,**

v.

**Raymond ROSARIO [Ramon Rosario], Defendant.**

United States District Court
S. D. New York.

Sept. 14. 1953.

See also D.C., 147 F.Supp. 434.

J. Edward Lumbard, U. S. Atty. for the Southern Dist. of New York, New York City, for United States (Powell Pierpoint, Asst. U. S. Atty., New York City, of counsel).

Raymond Rosario, in pro. per.

LEIBELL, District Judge.

This motion was brought under Section 2255, Title 28 U.S.C.A. to correct the sentence imposed on the defendant, on the ground that the sentence was in excess of the maximum authorized by law.

The defendant, Ramon Rosario, was indicted with others on April 27, 1951. The indictment contained eleven counts. The defendant was named in Counts 1. 6, 7, 10 and 11.

Count 1 charged all defendants, including Rosario, with unlawfully conspiring to violate Sections 173 and 174 of Title 21 U.S.C.A.,[1] and Section 2591 (a), Title 26 U.S.C.A.[2]

Counts 6, 7, and 10 charged Rosario and others with the unlawful transfer of certain quantities of marihuana in violation of Sections 2591(a) and 2600 of Title 26 U.S.C.A. on three separate occasions, namely on or about May 9, 1950, June 29, 1950 and November 1, 1950.

Count 11 charged Rosario and others with unlawfully receiving and concealing, selling and facilitating "the transportation, concealment and sale of a certain narcotic drug, to wit * * * heroin * * * after said heroin had been imported and brought into the United States contrary to law, knowing that said heroin had theretofore been imported and brought into the United States contrary to law * * *."

1. The pertinent provisions of Sections 173 and 174, Title 21 U.S.C.A. are as follows:

"§ 173. Importation of narcotic drugs prohibited; exceptions; crude opium for manufacture of heroin; forfeitures. It is unlawful to import or bring any narcotic drug into the United States or any territory under its control or jurisdiction; except that such amounts of crude opium and coca leaves as the board finds to be necessary to provide for medical and legitimate uses only, may be imported and brought into the United States or such territory under such regulations as the board shall prescribe, but no crude opium may be imported or brought in for the purpose of manufacturing heroin. All narcotic drugs imported under such regulations shall be subject to the duties which are now or may hereafter be imposed upon such drugs when imported. * * * "

"§ 174. Same; penalty; evidence "Whoever fraudulently or knowingly imports or brings any narcotic drug into the United States or any territory under its control or jurisdiction, contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported contrary to law, or conspires to commit any of such acts in violation of the laws of the United States, shall be fined not more than $2,000 and imprisoned not less than two or more than five years. * * * "

2. "§ 2591. Order forms "(a) General requirement. It shall be unlawful for any person, whether or not required to pay a special tax and register under sections 3230 and 3231, to transfer marihuana, except in pursuance of a written order of the person to whom such marihuana is transferred, on a form to be issued in blank for that purpose by the Secretary."

Defendant Rosario was convicted on all of the above counts. On June 26, 1951, sentence was imposed on him as follows: Five years on Count one, pursuant to the penalties provided for in Section 371, Title 18 U.S.C.A.[3]; five years and fined $2,000 on Count six, pursuant to the penalties provided for in Section 2596, Title 26 U.S.C.A.[4]; the sentences on Counts one and six to run concurrently: five years and fined $2,000 on Count seven, pursuant to the provisions of Section 2596, Title 26 U.S.C.A.; five years and fined $2,000 on Count ten, pursuant to the provisions of Section 2596, Title 26 U.S.C.A.; sentences on Counts seven and ten to run concurrently with each other, but consecutively to and to begin after service of the sentences on Counts one and six: five years and fined $5,000 on Count eleven, pursuant to the penalty provided for in Section 174, Title 21 U.S.C.A. (See footnote 1) to run consecutively to and to begin after service of sentences on Counts seven and ten.

The total of the sentences imposed was fifteen years and fines of $11,000; the defendant was to stand committed until the fines were paid or the defendant was otherwise discharged according to law.

On appeal, the judgment of conviction was affirmed. United States v. Tramaglino, 2 Cir., 197 F.2d 928.

■■■■ It is defendant's contention that the maximum penalty to which he was subject was that imposed by the trial judge on Count 1, the conspiracy count. Defendant seeks to support this contention by directing the Court's at-

tention to what is alleged to be a statute of the United States. Defendant cites the alleged statute as 28 U.S.C. §§ 364–381 and quotes it as follows:

"In all criminal proceedings as occurring within a District Court of the United States, the court of original jurisdiction shall have both a consecutive and concurrent jurisdiction pursuant thereto such case, provided, thereby *several proceedings contained* within *several indictment* against the defendant in such cases; but such court shall not *execute* a *consecutive jurisdiction,* against a defendant upon a singular indictment containing *several counts* thereon, *beyond, or in excess* of the provisions made by the statute in such case upon or beyond the *maximum* and *provided* by the *first count therein.*

"*Failure to observe and comply with this process shall constitute an error of jurisdiction and shall nullify and invalidate such prosecution thereof.*"

The above quotation represents a garbled assortment of legal terms and phraseology. Save for the last sentence, which defendant has taken the trouble to underscore, the supposed statute is meaningless. The fact is there is no such statute as the defendant assumes to quote.

The defendant was sentenced on June 26, 1951 for crimes committed between May 1, 1950 and the date of the filing of the indictment on April 27, 1951.

3. "§ 371. Conspiracy to commit offense or to defraud United States
"If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both.
"If, however, the offense, the commission of which is the object of the

conspiracy, is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor."

4. "§ 2596. Penalties
"Any person who is convicted of a violation of any provision of this subchapter or part VI of subchapter A of chapter 27 shall be fined not more than $2,000 or imprisoned not more than five years, or both, in the discretion of the court. 53 Stat. 282."

There is in fact no Section 364 included in Title 28 of the United States Code nor was there any statute so numbered prior to the revision of the Judicial Code in 1948. Although the defendant has cited the statute relied on as Sections 364–381 of Title 28, the fact is that only Sections 371 through 374 of Title 28 were extant after 1948 and these pertain to the resignation and retirement of federal judges. Defendant is not aided by an assumption that he relied on statutes as they were worded prior to the 1948 revision, for even at that time, Sections 364 through 370 were nonexistent. They were reserved to designate future legislation. Nor did Sections 371 through 381 have anything whatsoever to do with the power of the court in respect to sentencing persons convicted of crimes.

Acting on the assumption that defendant might have intended to refer the Court to Title 18, rather than Title 28 of the United States Code, I turned to the sections contained in Title 18. The language relied on by defendant appears to be nonexistent. Section 371 of Title 18 relates to conspiracies to commit offenses against the United States and is hereinabove quoted. Defendant and others were charged with a conspiracy under said Section 371 in Count 1 of the indictment. There is always the possibility that a defendant layman, acting as his own lawyer, may inadvertently miscite a statute or even unwittingly misstate the provisions thereof in copying it. But that is not the situation here presented. Some one has misled the defendant in drafting defendant's moving papers.

In addition to the reliance defendant places on the nonexistent statute, he contends that the acts which served to make up the various counts of the indictment in which he was named represent a continuing offense calling for the imposition of but a single sentence. The answer to this contention is to be found in the indictment itself. The four substantive counts of the indictment, in which Rosario was named, describe transactions which are separate and distinct, one from the others. Counts 6, 7 and 10 relate to Rosario's transfer of marihuana on three different occasions to different persons; and Count 11 refers to defendant's concealment and sale of heroin on another date with knowledge that the said heroin had been imported into the United States contrary to law. Because of the distinct separability of the offenses described in the various counts of the indictment, the case of Johnston v. Lagomarsino, 9 Cir., 88 F.2d 86, stressed by defendant, is not in point.

The scope of Section 2591(a), Title 26 U.S.C.A., the statute which Counts 6, 7 and 10 charged the defendant with violating, is not so limited that it applies solely to individuals who make a practice of illicitly trading in marihuana. The statute prohibits even a single transfer made in contravention of the provisions of that section. See, Blockburger v. United States, 284 U.S. 299, 302, 52 S.Ct. 180, 76 L.Ed. 306.

Nor is there any merger of the substantive counts in the conspiracy count as defendant intimates. Where substantive counts in an indictment cover crimes committed in the course of and in furtherance of a conspiracy, which is also separately charged, the court is empowered to impose sentences on all counts. The rule was stated in Pinkerton v. United States, 328 U.S. 640, 643, 66 S.Ct. 1180, 1182, 90 L.Ed. 1489, as follows:

"It has been long and consistently recognized by the Court that the commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses. The power of Congress to separate the two and to affix to each a different penalty is well established. Clune v. United States, 159 U.S. 590, 594, 595, 16 S.Ct. 125, 126, 40 L.Ed. 269."

Defendant's motion presents solely alleged questions of law, all of which are without merit.

The motion is accordingly denied.