UNITED STATES, Appellee

v

RAYMOND N. BLAIR, Private First Class,
U. S. Marine Corps, Appellant

10 USCMA 161, 27 CMR 235

No. 12,100

Decided January 30, 1959

*Major E. W. Johnson,* USMC, argued the cause for Appellant, Accused. With him on the brief was *Lieutenant John P. Fray,* USNR.

*Commander Louis Milano,* USN, argued the cause for Appellee, United States.

Homer Ferguson, Judge:

The accused, on his plea of guilty, was convicted by general court-martial of six specifications of wrongful use of marijuana, and five specifications of unlawfully transferring marijuana, in violation of § 4742(a) of Title 26, United States Code, all alleged as violations of Article 134, Uniform Code of Military Justice, 10 USC § 934.

This Court granted review of the following two issues:

1. Whether the sharing of marijuana cigarettes by passing them back and forth (specifications 2, 6, 8, 11) constitutes a violation of 4742(a) of Title 26, U. S. Code.

2. Whether specifications 1 and 2, 5 and 6, 8 and 9, 10 and 11, involve unreasonable multiplicity.

Since the accused pleaded guilty to all of the specifications alleged, the record is devoid of factual material except those facts alleged in the specifications themselves. The pertinent facts as gleaned from the pretrial investigation are as follows: The incident forming the basis for specification 2 took place October 25, 1957, when a Private First Class Thomson and the accused were sitting in an automobile in front of Thomson's house. The accused produced a marijuana cigarette, lit it, and he and Thomson both smoked it, passing it back and forth until it was consumed. Specification 6 alleges a similar unlawful transfer in an automobile near Camp Pendleton, California, on October 30, 1957. The accused and three other Marines were riding in the automobile when the accused took out a marijuana cigarette. One of the Marines lit it and the accused and two of the others proceeded to pass it back and forth and took "drags" from it in no particular order. A fourth man did not participate in the sharing of the cigarette. Specification 8 relates a similar sharing of a marijuana cigarette with one Lillich on October 31, 1957, at the Engineer Shop at Camp Pendleton. Specification 11 involves a similar incident with another Marine on November 4, 1957,

in a crane near the Engineer Maintenance Shop at Camp Pendleton.

*The first issue.*

The statute in question provides as follows:

"§ 4742. Order Forms

(a) General requirement.—It shall be unlawful for any person, whether or not required to pay a special tax and register under sections 4751 to 4753, inclusive, to transfer marihuana, except in pursuance of a written order of the person to whom such marihuana is transferred, on a form to be issued in blank for that purpose by the Secretary or his delegate."

The Government, after quoting extensively in its brief from House and Senate Reports on the Bill, concludes:

". . . Notwithstanding the fact that the statute itself was revenue seeking, it is manifest that the principle [sic] congressional aim was the prevention of use of and consequent possible addiction to marihuana."

Appellate defense counsel makes much of a contention that the statute was meant to apply to professional pushers and suppliers of narcotics rather than to individuals such as the accused. The Government, on the other hand, contends the accused encouraged nonusers and introduced them to the drug and cites statements made at the pretrial investigation to show that accused's next step would probably be to start charging for the cigarettes. It also quotes from United States v Rosario, 148 F Supp 634 (SD NY) 1953, construing a similar provision of the 1939 Internal Revenue Code as follows:

"The scope of Section 2591(a), Title 26 U. S. C. A., the statute which Counts 6, 7 and 10 charged the defendant with violating, is not so limited that it applies solely to individuals who make a practice of illicitly trading in marihuana. The statute prohibits even a single transfer made in contravention of the provisions of that section. See, Blockburger v

162

United States, 284 US 299, 302, 52 S Ct 180, 76 L Ed 306."

Such arguments as to the degree of culpability of the accused, while pertinent in mitgation, are not controlling on the question of whether the conduct alleged is proscribed by the clear wording of the statute. Indeed, the board of review reduced the period of confinement from the fourteen years imposed by the court-martial and the five years approved by the convening authority to three years, saying:

"While we deplore the activities of the accused in the premises, we must also recognize that there is some distinction between the limited nature of his activities and the actions of a hardened criminal who earns a livelihood from the vicious practice of 'pushing' narcotics. With this thought in mind, we are of the opinion that a reduction in the sentence is appropriate."

We find it unnecessary to consider the legislative history of the Act as discussed by counsel because we find that accused's conduct falls within the clear language of the statute. Appellate defense counsel contend that the acts of the accused in passing marijuana cigarettes to another individual for the purpose of smoking it did not constitute a "transfer" because the cigarette was passed back to the accused from time to time in each instance. In thus contending, appellant relies upon a theory that a transfer requires a complete divestment of title or all property rights or ownership in the object delivered. That the appellant's contention lacks merit is obvious when considered in the light of the statutory definition. Section 4761, Title 26, USC, defines the term "transfer" as used in the statute in question, as follows:

"(4) **Transfer or transferred.**— The term 'transfer' or 'transferred' means any type of disposition resulting in a change of possession, but shall not include a transfer to a common carrier for the purpose of transporting marihuana."

It is clear, therefore, Congress did not intend that a transfer necessitate a change of ownership. The language of the definition section itself indicates that a change of possession is sufficient to constitute a transfer as the term is used in the marijuana statute. Possession, of course, is not synonymous with title or ownership. Possession may be changed and at the same time title may be retained. We find no reason to convert "possession" into "ownership" as appellate defense counsel would have us do. The words of a statute must be accorded the meaning naturally given them in ordinary usage. Glickfield v State, 203 Md 400, 101 Atl 2d 229. If the words used in the statute convey a clear and definite meaning, a court has no right to look for or impose a different meaning. A plain and unambiguous statute is to be applied, and not interpreted, since such a statute speaks for itself. United States v Dickenson, 6 USCMA 438, 20 CMR 154. We conclude that accused's action in passing his marijuana cigarettes to others for partial consumption by them constituted a "transfer" within the meaning of § 4742(a), Title 26, USC, as a "type of disposition resulting in a change of possession."

The second issue.

The second issue, as noted earlier, is whether specifications 1 and 2, 5 and 6, 8 and 9, 10 and 11 involve unreasonable multiplicity. Specification 1 alleges a wrongful use of marijuana by the accused on or about October 25, 1957. Specification 2 alleges a wrongful and unlawful transfer of marijuana on the same date to Private First Class Thomson in violation of § 4742(a), Title 26, USC. The allegations contained in specifications 5, 9 and 10 refer to a wrongful use of marijuana by the accused as in the case of specification 1, except that separate incidents on different dates are alleged. Likewise, specifications 6, 8 and 11 refer to unlawful transfers of marijuana, as is the case in specification 2, on the same dates alleged in specifications 5, 9 and 10, respectively. Therefore, if specifications 1 and 2 are multiplicious for punish-

**163**

ment purposes, it follows that each combination of specifications recited in the granted issue would be multiplicious, each combination presenting the identical issue.

A fundamental rule followed by this Court is that a person shall not be punished twice for the same offense. United States v Modesett, 9 USCMA 152, 25 CMR 414. In determining whether offenses are separately punishable, we inquire whether the evidence sufficient to prove one also proves the other. See United States v Redenius, 4 USCMA 161, 15 CMR 161; United States v Rosen, 9 USCMA 175, 25 CMR 437. In the instant case, we find it does not and conclude that the offenses are separately punishable. The evidence here showed use through smoking a portion of a cigarette. Proof of wrongful use of marijuana does not prove the unlawful transfer of the same marijuana. Conversely, proof of an unlawful transfer in no way established a wrongful use.

For the reasons stated, the decision of the board of review is affirmed.

Chief Judge QUINN concurs.

Judge LATIMER concurs in the result.