UNITED STATES, Appellant

v

RICHARD V. OAKES, Private First Class, U. S. Army, Appellee

12 USCMA 406, 30 CMR 406

No. 14,843

Decided May 26, 1961

Lieutenant Colonel James G. McConaughy argued the cause for Appellant, United States. With him on the brief was First Lieutenant Harvey L. Zuckman.

First Lieutenant Thomas Stapleton argued the cause for Appellee, Accused. With him on the brief was Lieutenant Colonel Ralph Herrod.

Opinion of the Court

HOMER FERGUSON, Judge:

This is a general court-martial in which the accused was arraigned, tried, and found guilty for the wrongful sale of Government property, in violation of Uniform Code of Military Justice, Article 108, 10 USC § 908. He was sentenced to bad-conduct discharge, forfeiture of all pay and allowances, confinement at hard labor for twelve months, and reduction to the lowest enlisted grade. The convening authority approved the penalty as adjudged. The board of review set aside the findings and sentence and ordered a rehearing on the basis that the evidence was insufficient to corroborate accused's confession to the offense charged. It also refused to affirm findings of guilty of larceny, in violation of Code, supra, Article 121, 10 USC § 921, in the belief that it was not a lesser included offense of the crime charged. The Judge Advocate General of the Army thereupon certified the following question to this Court:

"WAS THE BOARD OF REVIEW COR-
RECT IN HOLDING THAT LARCENY IS
NOT AN INCLUDED OFFENSE OF WRONG-
FUL SALE OF GOVERNMENT PROPERTY?"

The specification before us follows the form provided in Appendix 6, Manual for Courts-Martial, United States, 1951. Thus, we are not concerned with the question whether larceny was fairly placed before the court-martial by the inclusion of additional averments. United States v Duggan, 4 USCMA 396, 15 CMR 396; United States v Hobbs, 7 USCMA 693, 23 CMR 157, concurring opinion of Chief Judge Quinn. The question to be resolved, therefore, is whether pleading and proof of the offense of wrongful sale necessarily includes the lesser offense of larceny. Code, supra, Article 79, 10 USC § 879. The Government contends that this Court so concluded in United States v Brown, 8 USCMA 18, 23 CMR 242.

In *Brown*, supra, the accused was charged with both larceny and wrongful sale of the same Government property. The precise act which constituted the larceny also constituted the sale. The only issue which this Court decided therein was whether the charges were multiplicious. We concluded they were and stated, at page 19:

"*On first reading, it would seem that each offense requires proof of a fact not required for proof of the other.* Thus, Article 108 requires that the property be military property, a fact which is not essential to the proof of an Article 121 offense; and the latter requires proof of a specific intent, a fact not essential to the proof of a charge under Article 108. More critical analysis, however, *reveals the differences to be illusory when applied to a situation in which there is but one act by the accused.* . . .

. . . . .

". . . We are persuaded then that *when a single act violates both Articles, it was not intended that the offender be subjected to two punishments.*" [Emphasis supplied.]

From the foregoing, it will be seen that we did not determine whether larceny was a lesser included offense of wrongful sale of Government property in United States v Brown, supra. Rather, we held that, regardless of the relationship between the two offenses, they could not both be punished when the same act constituted both crimes. From this conclusion concerning the issue of multiplicity, it cannot be reasoned that the offense of larceny is necessarily included in the charge of wrongful sale.

Turning directly to the certified issue, we are certain that the board of review's action was ▮▮▮▮▮ proper. The test for determining whether one offense is necessarily included in another depends upon whether each requires proof of an element not required to prove the other. United States v McVey, 4 USCMA 167, 15 CMR 167; Gavieres v United States, 220 US 338, 55 L ed 489, 31 S Ct 421 (1911). In United States v McClary, 10 USCMA 147, 27 CMR 221, we considered the application of that test to the question now before us. In concluding that the two crimes were separate, we said, at page 152:

". . . Thus, larceny of Federal property requires proof of a wrongful taking which is not necessary in the sale of Government property. And sale of Government property does not require proof of wrongful taking."

See also United States v Brown, supra, and United States v Shepard, 1 USCMA 487, 4 CMR 79.

Thus, it may be seen that we have heretofore held that larceny is not an included offense of wrong- ▮▮▮▮▮ ful sale of Government property. Moreover, that position has been adopted by various service boards of review. United States v Awrey, 22 CMR 396; United States v Gray, 23 CMR 681; United States v Simpson, 26 CMR 553. Indeed, it should be noted that it was not considered to be so connected by the drafters of the Manual. See Appendix 12, Manual, supra. Under the circum-

**407**

stances, we are not inclined to over-rule our former holdings and adopt the conclusion now urged upon us by the Government.

In sum, then, we are of the view that larceny is not a lesser included offense of wrongful safe of Government property in the absence, at least, of allegations which would fairly embrace its elements. United States v McVey, supra; United States v Duggan, supra. Where the Government goes astray is in attempting to construct an edifice of lesser offenses upon the belief that multiplicious charges must necessarily be included one in the other. As a review of our cases will indicate, that rationale is faulty. The fact that offenses are not separately punishable depends upon consideration of many factors other than whether two crimes stand in the relationship of greater and lesser. See, for example, United States v Brown, supra; United States v Modesett, 9 USCMA 152, 25 CMR 414; and Youngblood, *Multiplicious Pleading,* Military Law Review, April 1960 (DA Pam 27–100–8), page 73. It is unwise, therefore, to reason from the principles governing the issue of punishment that offenses are either necessarily included or necessarily separate.

The certified question is answered in the affirmative, and the decision of the board of review is affirmed.

Chief Judge QUINN concurs.