### UNITED STATES, Appellant
v
### CARL A. MAGINLEY, Airman First Class, U. S. Air Force, Appellee

13 USCMA 445, 32 CMR 445

No. 16,277

January 25, 1963

*Lieutenant Colonel John C. Wiley* argued the cause for Appellant, United States. With him on the brief was *Lieutenant Colonel Emanuel Lewis.*

*Colonel Daniel E. Henderson, Jr.,* argued the cause for Appellee, Accused. With him on the brief was *Colonel Joseph E. Krysakowski.*

## Opinion of the Court

FERGUSON, Judge:

Arraigned before a special court-martial upon unrelated charges of wrongful possession of marihuana and wrongful sale of marihuana, in violation of Uniform Code of Military Justice, Article 134, 10 USC § 934, accused was found guilty and sentenced to bad-conduct discharge, forfeiture of $40.00 per month for four months, confinement at hard labor for four months, and reduction to the grade of basic airman. The convening authority approved the sentence. The supervisory authority set aside the adjudged reduction, but otherwise affirmed. The board of review reversed and ordered the charge and its specifications dismissed. With respect to the possession count, it so held because of the law relating to search and seizure. It set aside the allegation of sale of marihuana on the basis of evidentiary insufficiency. Acting only concerning the latter crime, The Judge Advocate General of the Air Force has certified the following question to this Court:

"WAS THE BOARD OF REVIEW CORRECT IN HOLDING THAT NEITHER WRONGFUL AND UNLAWFUL POSSESSION, PROCUREMENT OR TRANSFER OF MARIHUANA, NOR ANY OTHER OFFENSE, WAS, UNDER THE CIRCUMSTANCES OF THIS CASE, INCLUDED IN THE OFFENSE OF WRONGFUL SALE OF MARIHUANA AS ALLEGED IN SPECIFICATION 2 OF THE CHARGE?"

To place the issue before us in proper perspective, we refer to the evidence regarding the charge of wrongful sale. The record establishes that the accused and a group of other airmen habitually smoked marihuana. The group included Airman Manno. The source of the drug was one Noimi, an Algerian residing in Dreux, France. He was known to, and utilized by, all members of the group.

Accused also resided in Dreux. In October 1960, Manno approached him and asked that he purchase some marihuana from Noimi on Manno's behalf. He gave the accused the money with which to buy the drug. Maginley complied with his friend's request. In Manno's opinion, accused acted as his agent in purchasing the drug from Noimi. He did not "buy" it from the accused.

Based on the foregoing, the board of review concluded that the evidence was insufficient to establish the alleged sale by Maginley to Manno. It also found that there was no lesser included offense

446

which could be approved under the circumstances of this case. Accordingly, it ordered the specification dismissed.

The count involved alleges:

"In that Airman First Class Carl A. Maginley, United States Air Force, . . . did, at Dreux, France, between 1 October 1960 and 31 October 1960, wrongfully and unlawfully sell, to Airman Basic Alfred P. Manno, three packs of Marihuana."

We believe our former holdings in this area provide the answer to the certified issue. We have many times stated the basic test for determining whether one offense is lesser included in another. Perhaps it was most succinctly set forth in United States v Duggan, 4 USCMA 396, 15 CMR 396, at page 399, wherein the Court declared:

". . . . While the standards we have adopted in considering whether one offense is included in another may be more generous than those prescribed by other courts, in an unbroken line of decisions we have made the test turn on both the charge and the evidence. When both offenses are substantially the same kind so that accused is fairly apprised of the charges he must meet and the specification alleges fairly, and the proof raises reasonably, all elements of both crimes, we have held they stand in the relationship of greater and lesser offenses."

See also United States v McVey, 4 USCMA 167, 15 CMR 167; United States v Hobbs, 7 USCMA 693, 23 CMR 157; United States v Oakes, 12 USCMA 406, 30 CMR 406.

The evidence in this case tends to establish that the accused was in possession of marihuana. The specification, however, contains only a bare allegation of its sale. Such an averment refers only to the transfer of title to the drug in return for a consideration, and does not fairly imply that the accused possessed it. As noted in Albrecht v United States, 273 US 1, 71 L ed 505, 47 S Ct 250 (1927), at page 11:

". . . One may obviously possess without selling; and one may sell and cause to be delivered a thing of which he has never had possession; or one may have possession and later sell, as appears to have been done in this case."

If the specification neither expressly contains an averment of the element of an offense nor fairly implies its existence, it cannot be said to be included within the actual crime charged, for, although proven by the evidence, it is not then "stated." United States v Duggan, supra. Put differently, the standard for determining if one violation of the Code is included in another is whether, considering the allegations and the proof, "each requires proof of an element not required to prove the other." United States v Oakes, supra, at page 407; but see United States v King, 10 USCMA 465, 28 CMR 31.

Applying that test and comparing the differing concepts of sale and possession, it is clear that the offense charged here and that of possessing marihuana do not stand in the relationship of greater and lesser offenses. As set out above, sale involves the transfer of title with or without possession, whereas possession does not involve any exchange of the ultimate interest in the drug.

The situation is not unlike that before us in the *Oakes* case, supra. There, the Government urged that the basically possessory offense of larceny was lesser included in an averment of wrongful sale of Government property. We, however, found otherwise, pointing out that sale of Government property did not require proof of a wrongful taking and that larceny did not require proof of a wrongful sale. Cf. United States v McVey, supra; United States v King, supra.

The same considerations indicate that procurement and transfer of marihuana are also not lesser included in a simple allegation of its sale. Such acts extend beyond the mere transfer of title and may constitute nothing more than an exchange of possession. Cf. 26 USC

§ 4761; United States v Blair, 10 USCMA 161, 163, 27 CMR 235, 237. Hence, as in the case of possession of the drug, a sale may or may not involve its procurement and transfer, while procurement and transfer of marihuana may or may not involve its sale. It is clear, therefore, that the averment of sale alone does not fairly inform the accused that he is also expected to defend against such offenses. United States v Duggan, supra; United States v Oakes, supra.

In sum, then, we conclude that, under the circumstances of this case, there are no lesser included offenses to the alleged crime of unlawful sale of marihuana, in violation of Code, supra, Article 134. We note in this respect that identical punishments have been prescribed for sale, possession, or use of the drug. Manual for Courts-Martial, United States, 1951, paragraph 127c; United States v Rock, 9 USCMA 503, 26 CMR 283. The tendency, therefore, in military law seems to have been to treat the crimes as separate and equal. We believe that is the correct view, and the certified question is accordingly answered in the affirmative.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge KILDAY concur.