UNITED STATES, Appellee

v

JACK L. WALTER, Sergeant, U. S. Army, Appellant

16 USCMA 30, 36 CMR 186

No. 18,924

February 11, 1966

First Lieutenant John Kagel argued the cause for Appellant, Accused. With him on the brief were Colonel Joseph L. Chalk and Lieutenant Colonel Martin S. Drucker.

Captain Walter L. Harvey argued the cause for Appellee, United States. With him on the brief were Colonel Joseph J. Crimmins and Lieutenant Colonel Francis M. Cooper.

FERGUSON, Judge:

Arraigned and tried before a general court-martial, convened at Headquarters 7th Infantry Division, U. S. Army, the accused pleaded guilty to two specifications of larceny, in violation of Uniform Code of Military Justice, Article 121, 10 USC § 921, and one count of wrongful sale of Government property, in violation of Code, supra, Article 108, 10 USC § 908. He was duly found guilty, and sentenced to bad-conduct discharge, forfeiture of all pay and allowances, confinement at hard labor for one year, and reduction. The convening authority approved the sentence, but the board of review, without opinion, approved as appropriate only so much thereof as provided for confinement at hard labor for nine months and forfeiture of $48.00 per month for a like period. We granted accused's timely petition for review on the questions whether the charge of wrongful sale of Government property was multiplicious with one of the larceny counts involving the same property and whether, under the stipulated facts, accused's plea of guilty to the wrongful sale offense was providently made. In view of our disposition, we need only reach the issue of the providence of accused's plea.

The stipulation of fact entered into by counsel and the accused at the trial, as it applies to this offense, is as follows:

"On 23 March 1965, Sergeant Jack L. Walter of Headquarters and Service Battery, 4th Battalion, 76th Artillery was approached by a Korean houseboy named Chong at Camp Sill and led to some other Korean men who solicited his aid in obtaining supplies from the 7th S & T Battalion. This Sergeant Walter agreed to do, and on 24 March after he had picked up his regular, authorized items he did as directed by the Koreans and presented the paperwork they had provided him to the specified contact at the S & T warehouse. Upon presentation of the DA Form 2765–1, he was issued 100 cases of aerosol insecticide which was loaded on his truck and taken to a Korean house outside of Pobwon-ni and deposited there. *For this trip, Sergeant Walter was paid $50.00 in MPC and 10,000 Korean Won by Chong, the houseboy."* [Emphasis supplied.]

At the outset, we note that, in order to render a plea of guilty improvident, ▉ it is not sufficient to find the stipulated facts do not establish the guilt of the accused. They must conflict with his plea, and show his judicial confession is inconsistent with what the parties to the trial have freely agreed to constitute the occurrences giving rise to the charge. United States v Cassey, 14 USCMA 558, 34 CMR 338; United States v Thompson, 13 USCMA 395, 32 CMR 395. As we said in the *Thompson* case, at page 397:

"It is not necessary that stipulated evidence establish an accused's guilt in order that his plea of guilty be upheld. . . .

"We approach the problem before us, therefore, on the basis that stipulated evidence must *negative* accused's guilt . . . in order to set aside his plea."

From the stipulation of fact set out above, it will be seen that Sergeant Walter was approached by Chong and led to other Koreans who expressed a desire for his aid in obtaining the Government property involved. Walter, agreeing to act on their behalf, was furnished with the necessary supply documents to obtain the issue of the property from a Government warehouse. After it was issued and loaded on his truck, he drove it to a Korean house near Pobwon-ni and left the items there. *"For this trip,* Sergeant Walter was paid $50.00 in MPC and 10,000 Korean Won by Chong, the houseboy." (Emphasis supplied.)

These facts clearly show the accused did no more than enter into a larcenous agreement with Chong and ▉ other Koreans to steal Government property; stole such property on their behalf, with

**31**

forged issue slips furnished by them; and delivered such to them, receiving in return the sum stated. There is no evidence of the sale of Government property here. To the contrary, it is affirmatively shown that the accused stole it with the assistance of the other principals to the transaction and delivered it into their hands, receiving compensation, not for the property, but for his services.

The sale of property implies the transfer of at least ostensible title to a purchaser in return for ■■■■■■ ■ a consideration. United States v Maginley, 13 USCMA 445, 32 CMR 445; United States v Oakes, 12 USCMA 406, 30 CMR 406. When, however, the evidence merely shows the accused, according to prior arrangements, stole the property and delivered it to one or more of his fellow principals in the theft, receiving payment for his services, no sale is made out.

In sum, then, the stipulated facts present no more than a fairly elaborate larceny scheme in which the accused and the persons to whom the property was delivered all actively participated from the beginning. All were principals in the theft, and their delivery and receipt of the loot, one from the other, does not constitute, under the circumstances presented, more than larceny of Government property. Accused's plea of guilty to its wrongful sale was, accordingly, entered improvidently.

The findings of guilty of Charge II and its specification are set aside. The decision of the board of review is reversed, and the record of trial is returned to The Judge Advocate General of the Army. The board may reassess the sentence on the basis of the remaining findings of guilty.

Chief Judge QUINN and Judge KILDAY concur.