UNITED STATES, Appellee

v

MICHAEL J. FRUSCELLA, Specialist Four,
U. S. Army, Appellant

21 USCMA 26, 44 CMR 80

No. 23,926

July 30, 1971

Captain John D. Lanoue argued the cause for Appellant, Accused. With him on the brief were Colonel George J. McCartin, Jr., and Captain Robert B. Harrison, III.

Captain Richard A. Karre argued the cause for Appellee, United States. With him on the brief were Colonel David T. Bryant, Lieutenant Colonel Ronald M. Holdaway, and Captain Richard L. Menson.

## Opinion of the Court

FERGUSON, Senior Judge:

The accused was convicted of one specification each alleging the unlawful possession and sale of marihuana, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. His sentence to a bad-conduct discharge, confinement at hard labor for one year, forfeiture of $50.00 per month for twelve months, and reduction to the grade of E-1, has remained unchanged to this level. We granted review to consider the single issue of whether the evidence presented at trial was sufficient, as a matter of law, to prove beyond a reasonable doubt that the accused *sold* marihuana to Private First Class Kennedy.

Private First Class Kennedy testified, on direct examination, that upon returning from leave on about July 22d, he contacted the accused.

"A   I called him up on the telephone and asked him if he had, could

I, if I could buy some marihuana, if he knew where I could get it.

"Q   [Trial counsel]   And what did he say?

"A   He was planning to buy some too.

"Q   Did he indicate that he could get some for you?

"A   I asked him to, yes, sir.

"Q   How much was he going to get for you?

"A   He said he was going to get about an ounce or so.

"Q   Did he say how much it would cost you?

"A   Maybe $25.

"Q   When did you meet him to give him this money?

"A   Around, between the 27th and 31st of July."

After testifying that he gave $25.00 to the accused "[t]o buy me some mari-

huana," Kennedy related the circumstances surrounding the delivery of the substance to him at a prearranged place off base, between the 1st and 6th of August. At that time, the accused was with one Baker in Baker's car. Someone in Baker's car handed Kennedy an envelope but he was not certain who it was. There were other envelopes on the seat of the car. Although he did not smoke the material (his wife made him get rid of it), Kennedy, who had used marihuana in the past, believed the greenish twigs and leaves to be marihuana.

On cross-examination, defense counsel, recalling Kennedy's testimony as to his conversation with the accused, developed the following:

"Q  You asked him to procure for you some marihuana, is that correct?
"A  Yes, sir, I did.

"Q  Was it your understanding that Fruscella would get it for you from someone else?
"A  Yes, sir.

"Q  He did not come and solicit the business from you, did he?
"A  No, sir.

"Q  So you authorized him to act for you, is that correct?
"A Well, I heard he was going to get it and I just asked him if he would get me some too when he got his.

"Q  He was going to get you some?
"A  I asked him to.

.    .    .    .    .    .

"IC  Was Specialist Fruscella acting for you?
"A  Yes, sir.

"IC  In obtaining marihuana?
"A  Yes, sir.

.    .    .    .    .    .

"Q  From whom was this marihuana obtained?
"A. I later learned that it came from Terry Warren.

"Q  Is that Private Terry Warren?
"A  I think so, sir, I didn't know his rank."

It is a well-established principle of law that one who acts in a given transaction solely as a procuring agent for a person is not a seller to that person. United States v Sawyer, 210 F2d 169 (CA3d Cir) (1954); Adams v United States, 220 F2d 297 (CA5th Cir) (1955); United States v Maginley, 13 USCMA 445, 32 CMR 445 (1963); United States v Stewart, 20 USCMA 300, 43 CMR 140 (1971). See also United States v Horne, 9 USCMA 601, 26 CMR 381 (1958). Cf. Lewis v United States, 337 F2d 541 (CA DC Cir) (1964); United States v Simons, 374 F2d 993 (CA7th Cir) (1966).

The factual situation in *Maginley* is sufficiently similar to that present in this case as to dictate the same result. Maginley and Airman Manno were members of a group of airmen who regularly smoked marihuana. Manno requested that Maginley pick up some marihuana for him from Noimi, a known source of supply. He gave Maginley six dollars, the price of three packages of marihuana when bought direct from Noimi. About a week later, Manno went to Maginley's home and picked up the three packages of marihuana. In reversing Maginley's conviction for sale of marihuana to Manno, the board of review stated at 32 CMR 842, 848:

". . . In United States v Horne, 9 USCMA 601, 26 CMR 381 [1958], though only possession was charged, the Court commented that a defendant who procured narcotics at an 'informer's' request from a seller, at no profit, was merely a messenger and could not be convicted of selling narcotics, citing Adams v United States, 220 F2d 297 (U.S.D.C.—5th Cir. 1955)."

The board went on to hold:

"Using the words 'sale' or 'sell' in their 'ordinary and popular sense' (Affronti v U. S., 145 F.2d 3, 9 (C.A.C.—8th Cir. 1944)), we find accused here was, at the most, an agent for the buyer Manno with no more than a casual knowledge of the seller Noimi, and that no 'sale', in the ac-

cepted sense of the word, was effected between accused and Manno in October 1960."

Because the board of review in *Maginley* also held that under the pleadings of that case no lesser included offense, in the sale alleged, existed or was in issue, the Judge Advocate General of the Air Force certified the case to this Court on the question of whether the board was correct in holding that neither wrongful and unlawful possession, procurement, or transfer of marihuana, nor any other offense was included in the offense alleging wrongful sale. We affirmed the board's determination that *no lesser included offense involving marihuana was included in a specification which contained only a bare allegation of its sale.*

In United States v Stewart, supra, we held, at page 305:

"... [T]hat the military judge erred to the prejudice of the accused by declining to instruct as to specification 4 of the Charge (wrongful sale of marihuana on February 4th), that if the accused was acting for the purchaser (CID agent) in obtaining and transferring marihuana, he must be acquitted. United States v Maginley, 32 CMR 842, supra, and United States v Horne, supra."

In the case at bar, the record is devoid of any evidence that the accused, with regard to the sale of marihuana to Kennedy, was acting in any other capacity than as Kennedy's agent. At trial, defense counsel moved for a finding of not guilty of this specification (specification 2 of the Charge) citing *Maginley* as authority. The military judge denied the motion without comment. In this, we think that he erred. United States v Maginley and United States v Stewart, both supra.

That portion of the decision of the Court of Military Review affirming the accused's conviction of specification 2 of the Charge (sale of marihuana to Kennedy) is reversed and the specification is set aside and ordered dismissed. The record of trial is returned to the Judge Advocate General of the Army. The Court of Military Review may reassess the sentence on the basis of the remaining finding of guilty.

Chief Judge DARDEN and Judge QUINN concur.