**UNITED STATES, Appellee,**

v.

**Robert M. LONG, Private First Class, U. S. Army.**

**No. 33,581.**

**SPCM 12107.**

U. S. Court of Military Appeals.

Oct. 1, 1979.

For Appellant: *Captain Michael B. Dinning* (argued); *Colonel Robert B. Clarke,*

*Lieutenant Colonel John R. Thornock, Captain Ralph E. Sharpe, Captain Derryl W. Peden* (on brief).

For Appellee: *Captain Richard A. Cefola* (argued); *Colonel Thomas H. Davis, Major John T. Sherwood, Jr., Captain Richard A. Kirby, Captain Richard A. Cefola* (on brief); *Captain John F. DePue.*

### Opinion of the Court

PERRY, Judge: *

The appellant was tried at a special court-martial for two violations of paragraph 4–2a(7)(a)(1) of Army Regulation 600–50[1] by wrongfully *selling* heroin, in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. However, the military judge found the appellant guilty, by exceptions and substitutions, of having wrongfully *delivered* the heroin on each of the two occasions specified, and sentenced the appellant to a bad-conduct discharge, confinement at hard labor for 4 months, forfeiture of $200 pay per month for 4 months, and reduction to the lowest enlisted grade. The convening authority approved both the findings and the sentence, as did the United States Army Court of Military Review. *United States v. Long,* 2 M.J. 1054 (A.C.M.R.1976).

Before this Court, the appellant renews his contention on appeal below that the military judge erred in finding him guilty of wrongful delivery of the heroin because delivery is not a lesser included offense of the charged sales. We believe that the appellant is correct and that reversal must obtain.

In *United States v. Maginley,* 13 U.S.C. M.A. 445, 32 C.M.R. 445 (1963), the question before the Court was whether possession, procurement or transfer of marijuana, or "any other offense," was a lesser included

---

* Judge Matthew J. Perry took final action in this case prior to his resignation as a judge of this Court pursuant to his appointment and confirmation as a United States District Judge for the District of South Carolina.

1. This provision proscribes in part:
   Except as authorized by regulation or other competent authority, military personnel will not: use, possess, *sell*, distribute, *deliver*, process, compound, or manufacture any controlled substance within the meaning of the "Controlled Substances Act" (84 Stat. 1242; 21 U.S.C. 801 et seq.). (emphasis added).

offense of the charged sale of marijuana, which was alleged as a violation of Article 134, UCMJ, 10 U.S.C. § 934. Initially, the Court stated that [2]

the standard for determining if one violation of the Code is included in another is whether, considering the allegations and the proof, "each requires proof of an element not required to prove the other." *United States v. Oakes* [12 U.S.C.M.A. 406, 30 C.M.R. 406 (1961)], supra, at page 407; but see *United States v. King*, 10 U.S.C.M.A. 465, 28 C.M.R. 31 [1959].

Then the Court reasoned: [3]

Applying that test and comparing the differing concepts of sale and possession, it is clear that the offense charged here [sale] and that of possessing marihuana do not stand in the relationship of greater and lesser. As set out above, sale involves the transfer of title with or without possession, whereas possession does not involve any exchange of the ultimate interest in the drug.

In remarks particularly applicable in a case such as this involving a delivery offense, the Court then commented: [4]

The same considerations indicate that procurement and transfer of marihuana are also not lesser included in a simple allegation of its sale. Such acts extend beyond the mere transfer of title and may constitute nothing more than an exchange of possession . . . . Hence, as in the case of possession of the drug, a sale may or may not involve its procurement and transfer, while procurement and transfer of marihuana may or may not involve its sale. It is clear, therefore, that the averment of sale alone does not fairly inform the accused that he is also expected to defend against such offenses.

*Accord, United States v. Fruscella*, 21 U.S. C.M.A. 26, 44 C.M.R. 80 (1971).

The Court of Military Review, in addressing this question below,[5] did not object to this "firm rule of law that the wrongful possession, procurement or transfer of illicit drugs are not lesser included offenses where the specification alleges only the sale of drugs in violation of Article 134." [6] Instead, that court distinguished prosecutions under Article 134 from those, such as the instant one, under Article 92. We decline to adopt that distinction.

As with an offense laid under Article 134, it is the specific conduct of an accused which is the core of the specification vis-a-vis Article 92, *see United States v. Courtney*, 1 M.J. 438 (C.M.A.1976), for without this, the specification would be no more than an allegation that on the date and at the place set out, an accused violated the law.

Thus, we perceive no reason to differentiate here the treatment of lesser included offenses by this Court in *Maginley* and *Fruscella*. Regardless of whether laid under Article 134 or under Article 92, delivery of heroin is not a lesser included offense of its sale [7] and any change in the specification

---

2. *United States v. Maginley*, 13 U.S.C.M.A. 445, 447, 32 C.M.R. 445, 447 (1963).

3. *Id.*

4. *Id.* at 447–8, 32 C.M.R. at 447–8.

5. *United States v. Long*, 2 M.J. 1054, 1056 (A.C. M.R.1976).

6. Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934, provides:

Though not specifically mentioned in this chapter, all disorders and neglects to the prejudice of good order and discipline in the armed forces, all conduct of a nature to bring discredit upon the armed forces, and crimes and offenses not capital, of which persons subject to this chapter may be guilty, shall be taken cognizance of by a general, special, or summary court-martial, according to the nature and degree of the offense, and shall be punished at the discretion of that court.

7. While we hold that legally the delivery of a contraband drug is not a lesser included offense of the sale of the same item, as a practical matter they are extremely closely related, for a buyer normally would expect delivery at some point of the goods purchased. At the same time, we recognize that where the prosecution has sufficient doubt as to the adequacy of the facts to prove a sale, the exigencies of proof might warrant charging both sale and delivery or possession of the same contraband. *See* para. 26*b* Manual for Courts-Martial, United States, 1969 (Revised edition). However, keeping in mind the preference against an unreasonable multiplication of charges against

to that effect is not a permissible variance.[8]

The decision of the United States Army Court of Military Review is reversed. The findings and the sentence are set aside. The charge is dismissed.

Judge COOK concurs.

FLETCHER, Chief Judge (dissenting):

I am constrained to disagree with the majority herein. I cannot find support for a variance from the common law rule on lesser included offenses, due to some unique necessity found in the military society.[1]

The common law rule [2] finds codification in Fed.R.Crim.P. 31(c):

(c) *Conviction of Less Offense.* The defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense.

Reason tells me that when two parties enter into a contract to sell, or a contract of sale for heroin, it anticipates delivery either immediately or at a contracted time certain in the future. Therefore, delivery is necessarily included in the charge of sale.

I would affirm the decision of the United States Army Court of Military Review.

> one accused arising out of one transaction, *id.,* once the exigencies of proof have been met the military judge should dismiss all but the most aggravated offense proved. In any event, the military judge must assure that such multiplicious offenses are merged for sentencing purposes. *United States v. Hughes,* 1 M.J. 346 (C.M.A.1976); para. 76a (5), Manual, *supra.*

**8.** Paragraph 74*b* (2), Manual, *supra,* provides [emphasis added]:

> One or more words or figures may be excepted and, when necessary, others substituted, provided the facts as so found constitute an

> offense by the accused which is punishable by the court and *provided such an action does not change the nature or identity of any offense charged in the specification* or increase the amount of punishment that might be imposed for any such offense.

1. *United States v. Fruscella,* 21 U.S.C.M.A. 26, 44 C.M.R. 80 (1971); *United States v. Maginley,* 13 U.S.C.M.A. 445, 32 C.M.R. 445 (1963).

2. *Keeble v. United States,* 412 U.S. 205, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973).