**UNITED STATES**

v.

**John O. BUTLER, Damage Controlman
Second Class, U.S. Coast Guard.**

**CGCM 9964.
Docket No. 841.**

U.S. Coast Guard Court of Military
Review.

9 Aug. 1983.

Appointed Defense Counsel: LCDR
Thomas F. Murphy, USCGR.

Civilian Defense Counsel: Willie J. Davis,
Esquire.

Appellate Defense Counsel: LT Dana J.
St. James, USCGR.

Appellate Government Counsel: LT
Christena G. Green, USCGR.

## OPINION

MORGAN, Chief Judge:

Damage Controlman Second Class John
O. Butler, USCG, was tried by a general
court-martial at Boston, Massachusetts, 27
October and 17–19 November 1981. He
elected to be tried by the military judge
alone. The accused was charged with
wrongfully possessing three burnt marijua-
na cigarettes and with wrongfully introduc-
ing ten one gram packets of cocaine into a
military base in the vicinity of the main
gate at the U.S. Coast Guard Support Cen-
ter, Boston, Massachusetts, on 14 May 1981.
The possession of marijuana and introduc-
tion of cocaine were each separately
charged as violations of both U.S. Coast

Guard Regulations and Article 92, Uniform Code of Military Justice 10 U.S.C. 892 and Article 134, UCMJ, 10 U.S.C. 934.

Prior to receiving pleas the military judge required the government to elect which of the multiplicious charges to pursue. The trial counsel elected to proceed under Article 134, UCMJ, and the military judge dismissed Charge I and the two specifications thereunder alleging violations of Coast Guard Regulations and Article 92, UCMJ. Also prior to the pleas the military judge suppressed the burnt marijuana cigarettes and cocaine seized from an automobile driven by the accused's brother, Walter Butler, as the accused and his brother attempted to enter the Coast Guard Support Center Boston on 14 May 1981.

Following the military judge's ruling suppressing the marijuana and cocaine the government conceded that the specification alleging possession of marijuana could not be proved and was subject to dismissal under the doctrine of *U.S. v. Phare,* 21 U.S.C. M.A. 244, 45 C.M.R. 18 (1972). The government also conceded that actual introduction of cocaine alleged in the second specification could not be proved but argued that the included offense of attempt to introduce cocaine was supported by available evidence. The military judge dismissed the specification alleging possession of marijuana in violation of Article 134, UCMJ, but permitted the government to proceed on the specification alleging the introduction of cocaine. The accused pleaded not guilty to the charge and the specification thereunder.

The government's evidence established that during the first part of May 1981 one Cochrane, then a member of the Coast Guard serving on board USCGC CHASE, had informed Coast Guard Intelligence Special Agents that DC2 Butler had been selling cocaine aboard CHASE. He described Butler's *modus operandi* as follows: On paydays Butler would obtain approximately $400.00 from members of the crew of CHASE for the purchase of cocaine. He would depart CHASE and Support Center Boston to obtain the cocaine from his broth-

er who lived on Commonwealth Avenue. The cocaine transactions for CHASE personnel generally occurred on Eastern Avenue in the vicinity of the Winery Restaurant. DC2 Butler would normally return to the CHASE with approximately seven grams of cocaine. He would distribute four grams of the cocaine to members of the crew from whom he had received money and would keep three grams for himself.

Based on the information received from Cochrane, the Coast Guard Intelligence Special Agents arranged for payday to be held aboard USCGC CHASE on 14 May 1981 and also set up surveillance of DC2 Butler at the Coast Guard Support Center and on Eastern Avenue.

On 14 May 1981, DC2 Butler asked Firemen Apprentice Boynton and Fireman De Corte, shipmates of his aboard USCGC CHASE, if they wanted to buy some cocaine. Both Boynton and De Corte eventually agreed to buy a gram of cocaine and each delivered the $100.00 purchase price to DC2 Butler. It was understood that the cocaine would be delivered to Fireman Apprentice Boynton and Fireman De Corte aboard CHASE that same evening.

The Coast Guard Intelligence Special Agents selected to conduct the surveillance of DC2 Butler were in place by about 1500 hours, 14 May 1981. They observed him depart the Support Center at about 1850 but lost sight of him shortly thereafter. At about 1900 hours a Special Agent stationed in a public parking lot about a quarter mile from the Support Center saw DC2 Butler in a car driven by another man park on Eastern Avenue just across from the Winery Restaurant. The occupants remained in the car and DC2 Butler was observed leaning forward two or three times as if to place something on the floor of the car. After about 15 minutes the car with the same occupants departed in the direction of the Support Center. At about 1925 hours the same car driven by Walter Butler with DC2 Butler as his passenger was stopped at the Support Center gate. The occupants were apprehended and they and the vehicle were searched.

The specification under which the government endeavoured to prove attempted introduction of cocaine into a military installation read as follows:

"In that DC2 John O. BUTLER 027 46 6007, U.S. Coast Guard, did, on board U.S. Coast Guard Support Center, Boston, Massachusetts, on or about 1930, 14 May 1981, wrongfully introduce ten one gram packets, more or less, of a controlled substance, to wit: cocaine, into a military base, to wit: U.S. Coast Guard Support Center, Boston, Massachusetts, for the purpose of sale or distribution."

■ In the absence of the suppressed cocaine, the evidence was insufficient to support conviction of the accused for attempted introduction of cocaine into a military base. *U.S. v. Jackson,* 5 M.J. 765 (A.C.M.R. 1978), petition for review by USCMA denied 6 M.J. 27; *U.S. v. Choat,* 7 U.S.C.M.A. 187, 21 C.M.R. 313 (1956); *U.S. v. Reid,* 12 U.S.C.M.A. 497, 31 C.M.R. 83 (1961). Instead, the military judge convicted DC2 Butler of the offense of soliciting others to possess cocaine in violation of Article 134, UCMJ, as follows:

"In that DC2 John O. BUTLER 027 46 6007, U.S. Coast Guard, did, on board U.S. Coast Guard Cutter CHASE, on or about 14 May 1981, wrongfully solicit Fireman Apprentice BOYNTON, U.S. Coast Guard and Fireman DE CORTE, U.S. Coast Guard to wrongfully possess cocaine."

The question presented for our consideration by appellate defense counsel is whether the offense found by the military judge is included within the pleadings and proof in this case.

The government's argument for affirming the conviction in this case is based on the case of *U.S. v. Jackson, supra.* In that case the accused had been convicted of attempting to sell marijuana in violation of Article 80, UCMJ, 10 U.S.C. § 880. The evidence of the attempted sale consisted of testimony that Jackson approached one soldier and asked if he wanted to buy a "bag", further described as "Mexican", for twenty dollars. When that offer was rejected the accused approached a nearby group of soldiers where two of them heard him ask if anyone wanted to buy a "reefer." It was understood that the reference in each instance was to marijuana. There was no evidence that Jackson was in possession of marijuana.

The Army Court of Military Review found that Jackson's conduct amounted to "mere preparation" rather than the overt act required to constitute a criminal attempt. Nevertheless, the Court found the same pleadings and evidence sufficient to sustain Jackson's conviction for the separate offense of solicitation in violation of Article 134, UCMJ. The Court noted that the same affirmative acts which were the subject of the charged attempt to sell marijuana supported the separate substantive offense of soliciting another to possess the drugs offered for sale and that all the essential elements of the offense of solicitation were included within the military judge's instructions to the members.

In *U.S. v. Jackson* the solicitation of other soldiers to possess the marijuana offered for sale was the very essence of the attempted sale of marijuana alleged in the specification. In DC2 Butler's case the language of the specification does not even remotely suggest that the alleged introduction of the cocaine into the Support Center had any relation to the solicitation of Boynton and De Corte to possess cocaine. Thus, the holding in *Jackson* is not dispositive of the issue before us and we must look elsewhere for guidance.

■ The basic test applied by the Court of Military Appeals in determining whether a court-martial may find an accused guilty of an offense other than that charged is whether the specification on which the accused was arraigned alleges fairly and the proof raises reasonably all elements of both crimes so that they stand in the relationship of greater and lesser offenses. *U.S. v. Duggan,* 4 U.S.C.M.A. 396, 15 C.M.R. 396 (1954); *U.S. v. Thacker,* 16 U.S.C.M.A. 408, 37 C.M.R. 28 (1966); *U.S. v. Virgilito,* 22 U.S.C.M.A. 394, 47 C.M.R. 331 (1973). Both aspects of the basic test of allegation and

proof must be satisfied. *U.S. v. Maginley,* 13 U.S.C.M.A. 445, 32 C.M.R. 445 (1963); *U.S. v. Thacker, supra.*

■ The evidence in this case tends to establish that DC2 Butler solicited FA Boynton and FN De Corte to possess cocaine. However, the specification contains only an allegation of its introduction into a military base. Such an averment refers only to bringing the cocaine onto the base or having it brought onto the base and does not fairly imply that the accused had solicited someone else to possess it. He could solicit others to possess the drug without introducing it into a military base and, conversely, he could introduce the substance into a military base without soliciting others to possess it.

Addressing a very similar issue in *U.S. v. Maginley, supra,* at 32 C.M.R. 447 the Court of Military Appeals said:

"If the specification neither expressly contains an averment of the element of an offense nor fairly implies its existence, it cannot be said to be included within the actual crime charged, for, although proven by the evidence, it is not thus 'stated.' *United States v. Duggan, supra.* Put differently, the standard for determining if one violation of the Code is included in another is whether, considering the allegations and the proof, each requires proof of an element not required to prove the other." (Citations omitted)

■ An element of proof of the offense of wrongfully introducing cocaine into a military installation is that the accused introduced the drug into a military unit, base, etc. See paragraph 4–146, Military Judge's Guide (DA Pam 27–9, May 1969). Proof of this element is not required to prove the offense of soliciting others to possess cocaine. Elements of proof of the offense of soliciting another to commit the offense of possessing cocaine are that the accused made a statement to or engaged in an act or conduct with the person allegedly solicited, and, that the statement, act or conduct constituted solicitation or inducement to commit the offense of possessing cocaine. See paragraph 4–178, DA Pam 27–9. Proof

of these elements is not required to prove the offense of wrongfully introducing cocaine into a military installation.

The specification under which DC2 Butler was tried did not, either expressly or by fair implication, contain an averment of two elements of the offense of solicitation found by the military judge. Thus, the offense of soliciting others to possess cocaine cannot be said to be included within the crime charged, for although the offense was proved by the evidence, it was not "stated." *U.S. v. Duggan, U.S. v. Thacker,* and *U.S. v. Virgilito,* all *supra; U.S. v. Long,* 7 M.J. 342 (C.M.A.1979); *U.S. v. Baker,* 14 M.J. 361 (C.M.A.1983). Cf. *U.S. v. Jackson, supra.* Stating it differently as the Court did in *U.S. v. Maginley, supra,* the violation of the Code charged and that found by the military judge each required proof of an element not required to prove the other. Under this test, the offense found was not included in the offense charged. See also *U.S. v. Oakes,* 12 U.S.C.M.A. 406, 30 C.M.R. 406 (1961).

The findings of guilty and the sentence are set aside. The charge is dismissed.

Judges BURGESS, HOLLAND, REINING and BRIDGMAN, concur.