UNITED STATES, Appellee,

v.

Specialist Five Spencer A. GALLOWAY, SSN 347–54–9410, United States Army, Appellant.

CM 443649.

U.S. Army Court of Military Review.

30 Sept. 1983.

Lieutenant Colonel R. Rex Brookshire II, JAGC, Captain Warren G. Foote, JAGC, and Captain L. Sue Hayn, JAGC, were on the pleadings for appellant.

Lieutenant Colonel John T. Edwards, JAGC, Major Thomas M. Curtis, JAGC, and Captain Nancy D. Glazier, JAGC, were on the pleadings for appellee.

Before CLARKE, SU–BROWN and BADAMI, Appellate Military Judges.

## OPINION OF THE COURT

CLARKE, Senior Judge:

Appellant was tried by military judge alone, and convicted, *inter alia,* of the transfer and sale of 24.45 grams of marijuana, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1976), but was acquitted as to the corresponding specification of possession of 24.45 grams of marijuana. He was sentenced to a bad-conduct discharge, confinement at hard labor for eight months, forfeiture of all pay and allowances and reduction to Private E–1. The convening authority approved the sentence.

Appellant contends that the military judge erred by finding appellant guilty of the sale of marijuana notwithstanding the claimed defense of agency. Such defense could negate the appellant's culpability as a matter of law. Appellant also urges that in the event this Court does not dismiss the sale specification, then the transfer specification should be dismissed as being multiplicious for findings. We disagree.

It is well established that one who acts in a transaction solely as a procuring agent is not a seller to that person. *United States v. Steinruck,* 11 M.J. 322 (CMA 1981); *United States v. Fruscella,* 21 U.S.C. M.A. 26, 27, 44 C.M.R. 80, 81 (1971). However, the defense is only available if an accused acted as an agent solely for the purchaser and not for the seller. *United States v. Vanzandt,* 14 M.J. 332, 348 (CMA 1982) (Cook, J., dissenting); *United States v. Suter,* 21 U.S.C.M.A. 510, 45 C.M.R. 284 (1972). In the case at bar, the trial testimony of the confidential informant, Specialist Gutierrez, reflects that after appellant had been identified to him as a suspect by the CID, he approached appellant and asked him if he had anything to sell. Appellant said he would try to get him "some smoke," and a meeting was set up between them to buy an ounce of marijuana at appellant's house. Specialist Gutierrez and the appellant were mere acquaintances, and had little previous personal contact.

Prior to going to appellant's residence, Gutierrez met with Special Agent Bane of the CID and was provided $50.00 to purchase the marijuana. Gutierrez did not know where appellant lived, so he arranged for a ride with Specialist Jones, who had previously been to appellant's residence. Special Agent Bane followed Jones and Gutierrez at a distance, as they proceeded to appellant's house. Entering the residence with Jones, appellant greeted Gutierrez and informed him that "his connection" had yet to arrive. After a five-minute wait, a black male entered and was introduced to Gutierrez. The black male took out a plastic bag from a pocket and handed it to appellant who squeezed it and passed it to Gutierrez. The black male had a small scale, and receiving the bag back from Gutierrez, determined it to weigh an ounce. He then returned the bag to Gutierrez. Gutierrez laid the money on the table, and the black male took the money.

In contrast, appellant testified that he did not arrange for Gutierrez to come to his house. He received Gutierrez and Jones into his home as unexpected visitors. Gutierrez asked if he had any drugs or knew where any were, but appellant wouldn't help him. Shortly thereafter, a friend of appellant's, Ray Kitchens, stopped by. After some polite conversation, appellant asked Kitchens on Gutierrez's behalf if he knew anybody who might have some drugs.

Kitchens said he did. Appellant denied any further involvement in whatever may have transpired between Kitchens and Gutierrez, because he was busy conversing with his wife and friends.

In our opinion, the appellant's testimony is not worthy of belief. The evidence of record establishes beyond a reasonable doubt that appellant was more than just an agent for the purchaser, but rather an agent for the seller as well. For a mere acquaintance, appellant arranged for a meeting to take place at his personal residence. Appellant independently located a "connection," and served as an agent for both parties to bring the seller and purchaser together at his own home. Thus, the defense of agency does not lie.

■ Turning to the issue of multiplicity for findings, we recognize that the oft quoted principle espoused in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) is not dispositive of the issue, in that the President has the power to prescribe more lenient procedures for trial by court-martial. Paragraph 26*b,* Manual for Courts-Martial, United States, 1969 (Revised edition); *United States v. Doss,* 15 M.J. 409, 411 (CMA 1983). Applying the facts of this case to the analysis set forth in *United States v. Baker,* 14 M.J. 361 (CMA 1983), we find that the specifications of transfer and sale were based on one transaction; consequently, we must determine whether this constitutes an "unreasonable multiplication of charges." This phrase is not subject to an abstract definition, therefore we shall analyze the question from the standpoint of several examples provided in *Baker.* First, the two offenses are not related as greater and lesser offenses. *United States v. Long,* 7 M.J. 342 (CMA 1979). Second, the transfer and sale of marijuana are not parts of an indivisible crime, since transfer does not necessarily mean that a sale has occurred, nor does sale necessarily include a transfer. *See United States v. Long, supra* at 342–343. Third, the two charges are not different aspects of a continuous course of conduct prohibited by a single statutory provision. The President has determined that the transfer and sale of marijuana are separate offenses. Accordingly, there was no unreasonable multiplication of charges in this case.

Furthermore, the government is to be allowed reasonable leeway in drafting charges to contend with contingencies of proof, and these may persist throughout the process of appellate review. This case poses the classic case of the tiger lurking near the open window. The appellant raised the defense of agency, which is an absolute defense to the sale of marijuana. Were we to dismiss transfer as multiplicious with sale, the potential exists for the dismissal of the specification of sale upon higher appeal. Although the Court of Military Appeals has suggested that the government would then be free to proceed again on the charge that had been dismissed as multiplicious, *United States v. Doss, supra* at 413 n. 6, such a procedure represents uncharted waters fraught with danger.

We note that appellant contends, pursuant to *United States v. Grostefon,* 12 M.J. 431 (CMA 1982), that his sentence is inappropriately severe. We have reviewed his sentence and find that it is both fair and appropriate.

The findings of guilty and the sentence are affirmed.

Judge SU–BROWN and Judge BADAMI concur.